RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 11, OCT, 05
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| NELSON A. IRABOR,<br>Petitioner | CIVIL ACTION<br>NO. CV05-0493-M |
| VERSUS | |
| ALBERTO GONZALES, et al.,<br>Respondents | JUDGE ROBERT G. JAMES<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a habeas petition filed pursuant to 28 U.S.C. § 2241 by petitioner Nelson A. Irabor ("Irabor") on March 16, 2005, contesting both his removal order and his detention pending removal. Irabor, a native and citizen of Nigeria, entered the United States on a visitor's visa, failed to leave, and became a permanent resident alien on April 16, 1991, pursuant to his marriage to a U.S. citizen. In 1996, Irabor was convicted in Georgia of forgery and simple battery (Doc. Item 9, Exs. A & B). In 2004, Irabor was ordered removed from the United States as an alien who had been convicted of an aggravated felony (simple battery) (Doc. Item 9, Exs. D & E). Irabor has been detained by the Department of Homeland Security, Bureau of Customs and Immigration Enforcement ("BICE") since July 23, 2004. Irabor raises four grounds for relief in his habeas petition:

    1. Whether construing Irabor's misdemeanor offense of Georgia's O.C.GA. 15-5-23, Simple Battery, to be a crime of violence and, therefore, an "aggravated felony" is a usurpation of justice and an abuse of Irabor's

constitutional rights?

2. Whether the refusal of BICE to answer all requests for release on bail or bond, and failure to administer all 90 day reviews in the past seven months, while Irabor is in the custody of BICE, is an abuse of justice under Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001)?

3. Whether Irabor's conviction for simple battery under O.C.GA. 16-5-23 constitutes a "crime of violence" as defined by Congress in Section 101(A)(43)(F) of the INA?

4. Whether the retroactive application of IIRIRA to Irabor's case violated his constitutionally protected rights to liberty and due process of law?

Respondents filed a motion to transfer claims 1, 3, and 4 or Irabor's petition to the Eleventh Circuit Court of Appeals, in accordance with the Real ID Act (Doc. Item 9).

On May 11, 2005, the Real ID Act of 2005 was enacted as part of the Emergency Supplemental Appropriations Act for Defense, The Global War on Terror, and Tsunami Relief, 2005. P.L. 109-13, 2005 HR 1268. Section 106 of the Act amended 8 U.S.C. § 1252(a) by providing that the courts of appeals shall have exclusive jurisdiction over most cases, as follows:

> (5) EXCLUSIVE MEANS OF REVIEW.--Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus

provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5).

Section 106 of the Act provides for the transfer of cases to the appropriate court of appeals:

> (c) TRANSFER OF CASES.--If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note). The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under section 242, except that subsection (b)(1) of such section shall not apply. P.L. 109-13, Division B, § 106(c). Upon transfer, the habeas corpus petition is treated as if it has been originally filed as a petition for review.

Thus, the Real ID Act deprives the district courts of habeas jurisdiction to review orders of removal, 8 U.S.C. § 1252(a)(5), as added by § 106(a)(1)(B) of the Real ID Act, Pub.L. 109-13, and further provides that habeas cases "challenging a final administrative order of removal" be transferred to the courts of appeals to be treated as petitions for judicial review, Real ID Act, § 106(c). As indicated in the legislative history of the Act, those provisions were not intended to "preclude habeas review over

3

challenges to detention that are independent of challenges to removal orders." H.R. Cong. Rep. No. 109-72, 2873 (May 3, 2005). Hernandez v. Gonzales, 424 F.3d 42, 42-43 (1st Cir. 2005).

Irabor's Section 2241 habeas corpus petition challenges his order of removal in grounds numbers 1, 3, and 4. Accordingly, claims 1, 3, and 4 of Irabor's petition should be transferred to the Eleventh Circuit Court of Appeals[1] for consideration of those claims, and this court should retain and review Irabor's challenge to his detention set forth in ground number 2.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED THAT Respondents' motion be GRANTED and that claims 1, 3, and 4 of the instant petition for a writ of habeas corpus be TRANSFERRED to the United States Court of Appeals for the Eleventh Circuit.

IT IS FURTHER RECOMMENDED that removal of Irabor be STAYED until further order from the United States Court of Appeals for the Eleventh Circuit.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or

---

[1] The Immigration Judge concluded proceedings in Georgia.

4

request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 3rd day of November, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE