UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| NELSON A. IRABOR,<br>      Petitioner | CIVIL ACTION NO. 05-0493 |
| VERSUS | JUDGE ROBERT G. JAMES |
| ALBERTO GONZALES, et al.,<br>      Respondents | MAGISTRATE JUDGE JAMES D. KIRK |

# RULING

Petitioner Nelson A. Irabor ("Irabor") filed this petition for writ of habeas corpus on March 16, 2005. Irabor contests both his removal and his continued detention. On November 4, 2005, Magistrate Judge James D. Kirk issued two reports and recommendations. In this Ruling, the Court will address Magistrate Judge Kirk's recommendations in the second report [Doc. No. 14]. In the second report, Magistrate Judge Kirk recommends that Respondents' Motion to Dismiss [Doc. No. 10] be denied. The Government has filed Objections to Report and Recommendation [Doc. No. 16], and Irabor has filed a rebuttal memorandum [Doc. No. 17].

While the Court agrees with Magistrate Judge Kirk's recommendation to deny Respondents' Motion to Dismiss, the Court DECLINES TO ADOPT the analysis in the Report and Recommendation.

    **I.**    **Facts[1]**

Irabor, a native of Nigeria, is a permanent resident alien. In 1996, Irabor was convicted in Georgia of forgery and simply battery. With regard to his simple battery conviction, he was

---

[1] A more complete statement of facts and procedural history is contained in Magistrate Judge Kirk's second report, which the Court ADOPTS.

sentenced to serve twelve months, but the sentence was probated. He was originally ordered deported on July 23, 2004, as an alien convicted of a crime of moral turpitude, and he has been detained since that time.

According to his Petition, Irabor contends that the immigration judge had him taken into custody immediately "and, as an 'aggravated felon,' remained without bond." [Doc. No. 1, p. 5].

Irabor timely appealed the order of removal to the Bureau of Immigration Appeals ("BIA") on August 20, 2004. According to the documents the Court has been provided, the appeal remains pending at this time.

Respondents provided additional documentation on the status of Irabor's removal proceedings after Magistrate Judge Kirk issued his second report. As of September 2005, the BIA had remanded the case to the immigration court and ordered it to provide tapes of the testimony at the hearing and the immigration judge's oral decision. No decision will be rendered until the record is complete.

## II.  Magistrate Judge Kirk's Report and Recommendation

In his second report, Magistrate Judge Kirk addressed the issue of Irabor's continued detention while in removal proceedings. In his Petition, Irabor contends that his continued detention violates his due process rights because he was detained without an answer to his request for release on bond or bail. [Doc. No. 1, p. 6]. In support of his contention, Irabor cites *Zadvydas v. Davis*, 533 U.S. 678 (2001) and 8 C.F.R. § 241.13(b)(2)(ii).

Respondents moved to dismiss Irabor's Petition because Irabor is not subject to a final order of removal, and, thus, *Zadvydas* does not apply.

In *Zadvydas*, the Supreme Court held that the statute governing an immigrant's detention following a final order of removal, 8 U.S.C. § 1231(a)(6), limits detention to a period reasonably

2

necessary to bring about that immigrant's removal from the United States. 533 U.S. at 688-98. The *Zadvydas* Court limited the reasonably necessary period to six months, after which time the immigrant has the opportunity to show that there is no significant likelihood that he will be removed in the reasonably foreseeable future. If the immigrant meets his burden, the Government must furnish sufficient rebuttal evidence. *Id.* at 697-702.

Magistrate Judge Kirk properly recognized that Irabor cannot rely on *Zadvydas* and the regulation cited because there is no final administrative order of removal in this case, and, thus, the six-month period has not begun to run. Instead, Irabor is being detained during the pendency of removal proceedings.

Construing Respondents' Motion to Dismiss as based on a failure to exhaust administrative remedies, Magistrate Judge Kirk noted that there is no exhaustion requirement for habeas review under 28 U.S.C. § 2241. For this reason, he explained that exhaustion may be excused for untimeliness of administrative action. Under federal regulations, the BIA is required to render a decision on appeals within 90 days of the date the record is complete. However, "[t]here is an unexplained, lengthy delay by the BIA in deciding Irabor's case, leading to Irabor's continued confinement without bond far beyond the time limits contemplated by the guidelines set forth in 8 C.F.R. 1003.1 for a BIA decision." [Doc. No. 14, p. 4]. Accordingly, Magistrate Judge Kirk recommended that the Court deny Respondents' Motion to Dismiss.

### III. Analysis

Respondents object to Magistrate Judge Kirk's reliance on the regulatory time periods for completing immigration appeals. Quoting 8 C.F.R. § 1003.1(e)(8)(vi), Respondents argue that the time periods for completing immigration appeals do not "create any substantive or procedural rights enforceable before any immigration judge or the Board, or in any court of law or equity."

3

Respondents also argue that Irabor's detention during removal proceedings is governed by Section 236(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(c). Under § 1226(c), Respondents contend that Irabor's continued detention comports with his constitutional due process rights, as interpreted by the Supreme Court in *Demore v. Kim*, 538 U.S. 510, 523 (2003).

Irabor responds that several circuit courts have held that continued detention under § 1226(c) violates his due process rights.

### A.  Regulatory Analysis

Based on the language in 8 C.F.R. § 1003.1(e)(8)(vi), it does not appear that Irabor has any substantive rights under the immigration egulations to have his removal proceedings completed within a certain time period. *See Smriko v. Ashcroft*, 387 F.3d 279 (3d Cir. 2004) (Noting that "the regulations specifically contemplate that the [BIA's] compliance with provisions establishing time limits for the adjudication of appeals will not be subject to judicial review."). Accordingly, the Court DECLINES TO ADOPT Magistrate Judge Kirk's analysis in the second report.

### B.  Constitutional Analysis

The Court now turns to whether Respondents are entitled to judgment as a matter of law on the basis that Irabor's detention comports with due process.

In *Kim*, the petitioner, a lawful permanent resident alien, filed a habeas petition challenging the no-bail provision of the Immigration and Nationality Act ("INA"), 66 Stat. 200, as amended, 110 Stat. 3009-585. *See* 8 U.S.C. § 1226(c) ("The Attorney General shall take into custody any alien who" is removable because he was convicted of certain crimes, including crimes involving

"moral turpitude" or those constituting an "aggravated felony.") [2]. The petitioner argued that detention for six months during the pendency of his removal proceedings violated his due process rights. The Supreme Court held: "Detention during removal proceedings is a constitutionally permissible part of that process." 538 U.S. at 531. The Supreme Court explained that the "period of detention at issue in *Zadvydas* was 'indefinite' and 'potentially permanent' . . . [but] the detention here [i.e., during removal proceedings] is of a much shorter duration." *Id.* at 528. According to the Supreme Court, on average, an alien is detained one and one-half months if he does not appeal the immigration court's decision or five months if he does appeal. While the alien in Kim was "detained for somewhat longer than the average . . . [he] had requested a continuance of his removal hearing." *Id.* at 530-31.

The Supreme Court did not suggest that there were exceptions to its holding, even when, as in this case, the BIA has failed in its duty to address an appeal in a timely manner, and Irabor has been detained for eighteen months with no indication that a decision will be reached in the near future. If it is clear that Irabor is properly detained as an aggravated felon under § 1226(c), then the Supreme Court's *Kim* decision would foreclose further consideration by this Court.

However, there is a distinction in this case that has not been addressed by Respondents. In *Zavala v. Ridge*, 310 F. Supp.2d 1071 (N.D. Ca. 2004), the petitioner contested his detention under similar circumstances. He was sentenced to and served six months in jail and two years on probation for a 1994 conviction for committing a lewd act on a child. The Government contended that this crime was an "aggravated felony," subjecting him to mandatory detention under 8 U.S.C. § 1226(c), but the district court determined that § 1226(c) "applies only prospectively, and therefore

---

[2]It is unclear whether Irabor was detained during the pendency of his removal proceedings on the basis that his crimes of conviction involved moral turpitude or that his simple battery conviction was deemed an aggravated felony. The analysis is the same either way.

5

does not affect criminal aliens who were released from incarceration prior to the effective date of the law, October 9, 1998." 310 F. Supp.2d at 1074 (citing *Matter of Adeniji*, 22 I. & N., Dec. 1102 (BIA 1999)). Although the Fifth Circuit has not addressed this issue, the BIA's decision cited in *Zavala* appears clear that Irabor's custodial status should be governed by § 1226(a), not § 1226(c).

Under § 1226(a), the Attorney General has discretion to arrest and detain an alien pending the removal decision or to release him on bond. *Kim* addressed only mandatory detention under § 1226(c) and has no application to discretionary detentions under § 1226(a). *See Oyelude v. Chertoff*, 125 Fed. Appx. 543, 546 n.9 (5th Cir. Mar. 11, 2005) ("The [Department of Homeland Security] invokes language from *Kim* that one might read in a vacuum as supporting its contention [that petitioner could not challenge his detention during removal proceedings], but that language, when read in context, **does not directly address the constitutionality of non-§ 1226(c) detentions**.") (emphasis added). The *Oyelude* Court remanded to the district court for a determination as to whether the petitioner's detention was constitutional under § 1226(a), but "express[ed] no view as to the ultimate merits of this proceeding."³ 125 Fed. Appx. at 547.

In this case, the evidence before the Court is that Irabor appears to have been detained under an improper application of § 1226(c), without consideration as to whether he might be eligible for bail or bond.⁴ Therefore, Respondents are not entitled to dismissal of Irabor's detention claim at

---

³On remand, the petitioner's case was dismissed as moot because he had been released on supervision after a final determination of the BIA. *See Oyelude v. Ridge*, Civil Action No. 1:03cv00095, United States District Court, Northern District of Texas, Abilene Division.

⁴The Court is aware that a detainee may request a "Joseph hearing" in the immigration court if he claims that he is not covered by § 1226(c). At the hearing, the detainee may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the Bureau of Immigration and Customs Enforcement ("BICE") is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention. *See* 8 CFR § 3.19(h)(2)(ii) (2002); *Matter of Joseph*, 22 I. & N. Dec. 799, 1999 WL 339053 (BIA 1999). It does not appear that Irabor sought a Joseph hearing; however, that is not clear to the Court. Further, even if he admitted that he

6

this time. If Respondents wish to file a second motion to dismiss or a motion for summary judgment under § 1226(a), the Court can address its contentions at that time, but on the current record, Irabor's detention claim stands.[5]

**IV.    Conclusion**

For the foregoing reasons, Respondents' Motion to Dismiss [Doc. No. 10] is DENIED. This matter is remanded to Magistrate Judge James D. Kirk for further proceedings consistent with this ruling.

MONROE, LOUISIANA, this 7th day of February, 2006.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

was convicted of the predicate crimes, it does not appear to the Court that he has waived an argument on constitutional grounds that he was denied due process when § 1226(c) does not apply retroactively.

[5]Section 1226(e) states that "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." 8 U.S.C. § 1226(e). While this statute would appear to preclude review of Irabor's detention under § 1226(a) or (c), the Supreme Court held in *Kim* that § 1226(e) "contains no explicit provision barring habeas review, and we think that its clear text does not bar respondent's constitutional challenge to the legislation authorizing his detention without bail." In this case, it seems to the Court that § 1226(e) does not bar Irabor's due process challenge to Respondents' failure to give him any type of hearing in the mistaken belief that he was subject to mandatory detention.