U.S. DISTRICT COURT
WESTERN DISTRICT of LOUISIANA
RECEIVED - ALEXANDRIA

APR 1 9 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| NELSON A. IRABOR,<br>Appellant | CIVIL ACTION<br>NO. CV05-0493-M |
| VERSUS | |
| ALBERTO GONZALES, et al.,<br>Appellee | JUDGE ROBERT G. JAMES<br>MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a habeas petition filed pursuant to 28 U.S.C. § 2241 by petitioner Nelson A. Irabor ("Irabor") on March 16, 2005, contesting his detention pending removal. Irabor, a native and citizen of Nigeria, entered the United States on a visitor's visa, failed to leave, and became a permanent resident alien on April 16, 1991, pursuant to his marriage to a U.S. citizen. In 1996, Irabor was convicted in Georgia of forgery and simple battery (Doc. Item 9, Exs. A & B). In 2004, Irabor was ordered removed from the United States as an alien who had been convicted of an aggravated felony (simple battery) (Doc. Item 9, Exs. D & E). Irabor has been detained by the Department of Homeland Security, Bureau of Customs and Immigration Enforcement ("BICE") since July 23, 2004. In his sole remaining ground for relief,[1] Irabor contends the refusal of BICE to answer his requests

---

[1] Irabor's other claims were transferred to the Eleventh Circuit Court of Appeals in accordance with the Real ID Act of

for release on bail or bond, and failure to administer 90 day reviews while Irabor is in BICE's custody, is an abuse of justice under <u>Zadvydas v. Davis</u>, 533 U.S. 678, 121 S.Ct. 2491 (2001).

On April 12, 2007, Respondents informed the court that Irabor was removed from the United States on March 28, 2007, and is now residing in Nigeria (Doc. Item 34). Since Irabor is no longer being detained by BICE, his habeas petition requesting release from detention has been rendered moot.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Irabor's habeas petition be DISMISSED WITH PREJUDICE AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL**

---

2005, 2005. P.L. 109-13, 2005 HR 1268 and 8 U.S.C. § 1252(a)(5).

BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED at Alexandria, Louisiana, on this _____ day of April, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE